IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRIXMOR GA SPRINGDALE/MOBILE LIMITED PARTNERSHIP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 24-00309-KD-M ) |
| KLYCE ENTERPRISES, INC.; JOHN DOUGLAS KLYCE; and KIMBERLY KLYCE, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on the Motion for Default Judgment, (Doc. 8), filed by Plaintiff Brixmor GA Springdale/Mobile Limited Partnership ("Brixmor") against Klyce Enterprises, Inc., John Douglas Klyce, and Kimberly Klyce (collectively "Defendants"). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Before the district court enters a default judgment, it must ensure that it has jurisdiction over the case. Glennon v. Rosenblum, 325 F. Supp. 3d 1255, 1262 (N.D. Ala. 2018). Upon consideration, and for the reasons below, Brixmor is **ORDERED** to file an amended complaint **on or before January 29, 2025**, which properly alleges the citizenship of the parties.

**I.     Background**

On or about February 23, 2022, Klyce Enterprises executed an Amended and Restated Lease ("Lease") by and between Brixmor and Klyce Enterprises. (Doc. 1-1). The Lease required Klyce Enterprises to pay minimum monthly rent in the amount of $14,799.17 to Brixmor during the first five lease years. (Id. at 5). In addition, the Lease required Klyce Enterprises to pay other

1

maintenance and general expenses associated with the property located at or near 3250 Airport Boulevard, Mobile, Alabama 36606 (the "Premises"). (Id.). John and Kimberly Klyce executed a Guaranty—jointly and severally guaranteeing the full performance of Klyce Enterprises pursuant to the Lease. (Doc. 1-2). John Klyce is the President and Agent as Reported of Klyce Enterprises. Business Entity Records—Klyce Enterprises, Inc. 2024 Report, Alabama Secretary of State https://arc-sos.state.al.us/cgi/corpannual.mbr/annual?corp=000107356&year=2024&page=name (last visited Jan. 3, 2025).

Brixmor alleges that in February 2024, Defendants defaulted pursuant to the terms of the Lease. (Doc. 1 at 4). Under the Lease, a default can occur when several events happen, including when the Tenant fails to make payment of rent or any other monetary amount due under the Lease within ten (10) days after Landlord has sent to Tenant written notice of such default. (Doc. 1-1 at 32). Brixmor filed a complaint for breach of contract by Defendants and asked for the amount due and owing under the terms of the Lease as of August 21, 2024. (Doc. 1 at 4). Brixmor filed summonses returned executed for each Defendant. (Docs. 3–5). Brixmor moved for the Clerk's entry of default, (Doc. 6), and the Clerk's entry of default was entered against Defendants, (Doc. 7). Brixmor later filed a motion for default judgment against Defendants along with an affidavit of David Mickelberg [1] which explained that as of November 25, 2025, [2] Defendants owed $159,813.54 under the Lease. (Doc. 8-1 at 3–4).

---

[1] David Mickelberg is the Director of Collections for Brixmor Property Group., Inc. which wholly owns Brixmor GA Springdale Member, LLC, which is the general partner of Brixmor GA Springdale/Mobile Limited Partnership. (Doc. 8-1 at 1).

[2] Based on the affidavit's chart and common sense, the Court presumes that Mickelberg meant November 25, 2024. (Doc. 8-1).

**II.     Law**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). To obtain a default judgment for a claim that is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Therefore, "[t]here are two steps in the default process: (1) getting the clerk to make an entry of default; and then (2) obtaining judgment on the default." 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 55 (2024).

The core of default under Rule 55 is the failure to timely file a required responsive pleading. Id. However, the Eleventh Circuit has a "strong policy of determining cases on their merits." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015). Thus, "default judgments are generally disfavored." Id. at 1245. Still, the default mechanism is necessary "so that 'the adversary process [will not be] halted because of an essentially unresponsive party.'" Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (alteration in original) (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam)). Therefore, a default judgment is "warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Surtain, 789 F.3d at 1245 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)).

Finally, a default judgment may not be entered against minors or incompetent persons unless they are represented in the action by a guardian or an appropriate representative. Fed. R. Civ. P. 55(b)(2). And to ensure the validity of a default judgment, the court must determine its jurisdiction both over the subject matter and the parties. See Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009).

### III.     Jurisdiction

#### A. Subject-matter jurisdiction

For federal diversity jurisdiction to attach, opposing parties must have completely diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). A corporation is a citizen of its state(s) of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). A limited partnership is a citizen of any state of which a managing or limited partner is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004). An LLC is a citizen of any state of which a member is a citizen. Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1086 (11th Cir. 2010). A person is a citizen of the state in which he is domiciled—the state of his home and where he intends to remain. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). The party invoking federal jurisdiction bears the burden of establishing facts supporting its existence by a preponderance of the evidence. Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010).

Here, Brixmor has not met its burden of establishing diversity jurisdiction. Brixmor properly alleged that it is citizen of Delaware and Maryland (the states where its general partner is a citizen). (Doc. 1 at 1–2).[3] However, Brixmor has not provided the citizenship of any of its other partners. "Without listing the citizenship of every member and every partner of every party, defendants will fail to meet their burden." Charter Services, Inc. v. DL Air, LLC, 2009 WL

---

[3] Brixmor's general partner is Brixmor GA Springdale Member, LLC (a Delaware LLC wholly owned by Brixmor Property Group, Inc). (Doc. 1 at 1). Brixmor Property Group, Inc. is a Maryland corporation with its principal office located in Maryland. (Doc. 1 at 2). Thus, the citizenship of Brixmor's general partner is Delaware and Maryland.

4

577664, *2 (S.D. Ala. Mar. 5, 2009) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)).

Brixmor alleges that John and Kimberly Klyce are *residents* of Alabama. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship" and "domicile" are equivalent for purposes of diversity jurisdiction. McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam). Although a person's *residence* in a particular state is not necessarily determinative of *domicile* and *citizenship* there, a party's place of residence has been considered prima facie evidence of his domicile. Slate v. Shell Oil Co., 444 F. Supp. 2d 1210, 1215 n.9 (S.D. Ala. 2006); see also Shelton v. Tiffin, 47 U.S. 163, 185 (1848) ("Where an individual has resided in a State for a considerable time, being engaged in the prosecution of business, he may well be presumed to be a citizen of such State, unless the contrary appear."). Here, John and Kimberly Klyce reside in Alabama and have engaged in business in Alabama through their execution of a Guaranty involving the lease of an Alabama property. (Doc. 1-2 at 1). Moreover, John Klyce is the President of Klyce Enterprises, Inc. (an Alabama corporation). (Doc. 1 at 2). Thus, Brixmor has established sufficient evidence of John and Kimberly Klyce's domicile in Alabama. **However, when the amended complaint is filed, Brixmor should clarify this issue.**

Brixmor does properly allege that the citizenship of Defendant Klyce Enterprises, Inc. is Alabama because Klyce Enterprises is an Alabama corporation with its principal office in Alabama. (Doc. 1 at 2). Finally, Brixmor has provided a good-faith allegation that the amount in controversy exceeds $75,000. Specifically, the amount due and owing by Defendants exceeds $100,000. (Doc. 1 at 4).

In sum, Brixmor bears the burden of proving subject-matter jurisdiction. Brixmor has failed to allege the citizenship of each of its partners. Therefore, the Court lacks subject-matter jurisdiction. Brixmor is **ORDERED** to file an amended complaint **on or before January 29, 2025**, which properly alleges the citizenship of the parties. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

B. **Personal jurisdiction**

"Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process." Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 925 n.15 (11th Cir. 2003). It is well-established that both service of process within the forum state and citizenship in the forum state are ways in which a person is subject to personal jurisdiction in the forum. See J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 880–81 (2011). But the district court lacks personal jurisdiction over a defendant who has not been properly served. Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990); Fuqua v. Turner, 996 F.3d 1140, 1154 (11th Cir. 2021) ("Proper service of process is a jurisdictional prerequisite."). "Generally, where service of process is insufficient, the court has no power to render judgment[,] and the judgment is void." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1299 (11th Cir. 2003).

Under the Rule 4(k)(1)(A), "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Here, the Defendants are Alabama citizens. Therefore, this Court has personal jurisdiction to grant a default judgment in this case, as long as the Defendants were properly served. The issue is whether the Defendants were properly served.

Defendants can be served in compliance with either the federal rules or the state law in the state where the district court is located or where service is made. See Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A). "Unless federal law provides otherwise" a domestic corporation may be served "in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); see also Ala. R. Civ. P. 4(c)(6). An individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by delivering a copy of the summons and complaint to the individual personally or by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e)(2)(A–B); see also Ala. R. Civ. P. 4(c)(1). Also, "[u]nless service is waived, proof of service must be made to the court" and absent service by the U.S. Marshal or a deputy marshal, "proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1). Under Alabama law, the completion and filing of a return of service constitutes prima facie evidence of that service. Hooie v. Barksdale, 93 So. 3d 942, 945 (Ala. Civ. App. 2012).

Here, Klyce Enterprises, Inc. is a domestic corporation registered in Alabama. A summons and complaint for Klyce Enterprises were personally served on John Klyce in Alabama, as evidenced by the private process server's Proof of Service under penalty of perjury. (Doc. 3). Because John is the President and Agent as Reported of Klyce Enterprises, Inc., the requirements for service on Klyce Enterprises, Inc. have been met. Fed. R. Civ. P. 4(h)(1)(B); see also Ala. R. Civ. P. 4(c)(6). A summons and complaint were personally served on John Klyce in Alabama, as evidenced by the private process server's Proof of Service under penalty of perjury. (Doc. 4). Thus, the requirements for service have been met for John Klyce. Fed. R. Civ. P. 4(e)(2)(A); see also

Ala. R. Civ. P. 4(c)(1).[4] A summons and complaint were left at Kimberly Klyce's residence or usual place of abode in Alabama with a person of suitable age and discretion who resides there (John Klyce), as evidenced by the private process server's Proof of Service under penalty of perjury. (Doc. 5). Thus, the requirements for service have been met for Kimberly Klyce. Fed. R. Civ. P. 4(e)(2)(B); see also Ala. R. Civ. P. 4(c)(1). The Defendants were served in Alabama in compliance with the federal rules and Alabama law. Accordingly, the Defendants are subject to this Court's personal jurisdiction.

### IV.    Conclusion

Federal courts must ensure jurisdiction before entering a default judgment. A limited partnership has the citizenship of each of its members. Brixmor has only provided the citizenship of its general partner. Therefore, the Court cannot determine whether it has subject-matter jurisdiction. Brixmor is **ORDERED** to file an amended complaint alleging the citizenship of each of its partners **on or before January 29, 2025**. The amended complaint should also clarify the citizenship of John and Kimberly Klyce.

**DONE** and **ORDERED** this the **15th** day of **January 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] Brixmor has provided an affidavit swearing that, based upon information and belief, Defendants John and Kimberly Klyce are not minors, infants, incompetents, or in active military service. (Doc. 8-1 at 4 ¶ 8).