IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRIXMOR GA SPRINGDALE/MOBILE LIMITED PARTNERSHIP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 24-00309-KD-M** |
| | ) | |
| **KLYCE ENTERPRISES, INC.; JOHN DOUGLAS KLYCE; and KIMBERLY KLYCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This action is before the Court on the Motion for Default Judgment, (Doc. 8), filed by Plaintiff Brixmor GA Springdale/Mobile Limited Partnership ("Brixmor") against Klyce Enterprises, Inc., John Douglas Klyce, and Kimberly Klyce (collectively "Defendants"). Previously, the Court ordered Brixmor to file an amended complaint, which properly alleges the citizenship of the parties. Now that Brixmor complied with that order, the Court may analyze whether a default judgment should be granted. Upon consideration, and for the reasons below, the motion is **denied**.

### I.    Background

On or about February 23, 2022, Klyce Enterprises executed an Amended and Restated Lease ("Lease") by and between Brixmor and Klyce Enterprises. (Doc. 1-1). The Lease required Klyce Enterprises to pay minimum monthly rent in the amount of $14,799.17 to Brixmor during the first five lease years. (Id. at 5). In addition, the Lease required Klyce Enterprises to pay other maintenance and general expenses associated with the property located at or near 3250 Airport Boulevard, Mobile, Alabama 36606 (the "Premises"). (Id.). John and Kimberly Klyce executed a

Guaranty—jointly and severally guaranteeing the full performance of Klyce Enterprises pursuant to the Lease. (Doc. 1-2). John Klyce is the President and Agent as Reported of Klyce Enterprises. Business Entity Records—Klyce Enterprises, Inc. 2024 Report, Alabama Secretary of State https://arc-sos.state.al.us/cgi/corpannual.mbr/annual?corp=000107356&year=2024&page=name (last visited Jan. 3, 2025).

Brixmor alleges that in February 2024, Defendants defaulted pursuant to the terms of the Lease. (Doc. 1 at 4). Under the Lease, a default can occur when several events happen, including when the Tenant fails to make payment of rent or any other monetary amount due under the Lease within ten (10) days after Landlord has sent to Tenant written notice of such default. (Doc. 1-1 at 32). Brixmor filed a complaint for breach of contract by Defendants and asked for the amount due and owing under the terms of the Lease as of August 21, 2024. (Doc. 1 at 4). Brixmor filed summonses returned executed for each Defendant. (Docs. 3–5). Brixmor moved for the Clerk's entry of default, and the Clerk's entry of default was entered against Defendants. (Docs. 6, 7).

Brixmor later filed a motion for default judgment against Defendants. (Doc. 8). The motion was not accompanied by a brief. The motion did not ask for specific relief apart from an entry of a judgment by default. Attached to the motion is an affidavit of David Mickelberg [1] which explained that as of November 25, 2025,[2] Defendants owed $159,813.54 under the Lease. (Doc. 8-1 at 3–4).

---

[1] David Mickelberg is the Director of Collections for Brixmor Property Group., Inc. which wholly owns Brixmor GA Springdale Member, LLC, which is the general partner of Brixmor GA Springdale/Mobile Limited Partnership. (Doc. 8-1 at 1).

[2] Based on the affidavit's chart and common sense, the Court presumes that Mickelberg meant November 25, 2024. (Doc. 8-1).

On January 15, 2025, the Court ordered Brixmor to file an amended complaint which properly alleges the citizenship of the parties. (Doc. 10). On January 17, 2025, Brixmor complied with that order. (Doc. 11).

## II.    Law

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). To obtain a default judgment for a claim that is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Therefore, "[t]here are two steps in the default process: (1) getting the clerk to make an entry of default; and then (2) obtaining judgment on the default." 2 Steven S. Gensler, Fed. R. Civ. P., Rules and Commentary Rule 55 (2024).

The core of default under Rule 55 is the failure to timely file a required responsive pleading. Id. However, the Eleventh Circuit has a "strong policy of determining cases on their merits." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015). Thus, "default judgments are generally disfavored." Id. at 1245. Still, the default mechanism is necessary "so that 'the adversary process [will not be] halted because of an essentially unresponsive party.'" Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (alteration in original) (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam)). Therefore, a default judgment is "warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Surtain, 789 F.3d at 1245 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)).

Finally, a default judgment may not be entered against minors or incompetent persons unless they are represented in the action by a guardian or an appropriate representative. Fed. R.

Civ. P. 55(b)(2). And to ensure the validity of a default judgment, the court must determine its jurisdiction both over the subject matter and the parties. See Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009).

## III.    Jurisdiction

### A.  Subject-matter jurisdiction

For federal diversity jurisdiction to attach, opposing parties must have completely diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). A corporation is a citizen of its state(s) of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). A limited partnership is a citizen of any state of which a managing or limited partner is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004). An LLC is a citizen of any state of which a member is a citizen. Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1086 (11th Cir. 2010). A person is a citizen of the state in which he is domiciled—the state of his home and where he intends to remain. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). The party invoking federal jurisdiction bears the burden of establishing facts supporting its existence by a preponderance of the evidence. Osting-Schwinn, 613 F.3d at 1085.

Here, Brixmor has met its burden of establishing diversity jurisdiction. Brixmor properly alleges that it is citizen of Delaware and Maryland (the states where its general partner and limited partner are citizens). (Doc. 11 at 1–2).[3] Brixmor properly alleges that John and Kimberly Klyce

---

[3] Brixmor's general partner is Brixmor GA Springdale Member, LLC (a Delaware LLC wholly owned by Brixmor Property Group, Inc). (Doc. 11 at 2). Brixmor Property Group, Inc. is a Maryland corporation with its principal office located in Maryland. (Doc. 11 at 2). Brixmor's limited partner is GA PUT Portfolio, LLC (a Delaware LLC wholly owned by Brixmor Property

are domiciles of Alabama. (Doc. 11 at 2). "Citizenship" and "domicile" are equivalent for purposes of diversity jurisdiction. McCormick, 293 F.3d at 1257–58. And Brixmor properly alleges that the citizenship of Defendant Klyce Enterprises, Inc. is Alabama because Klyce Enterprises is an Alabama corporation with its principal office in Alabama. (Doc. 11 at 2). Finally, Brixmor has provided a good-faith allegation that the amount in controversy exceeds $75,000. Specifically, the amount due and owing by Defendants exceeds $100,000. (Doc. 11 at 4). In sum, Brixmor properly alleges diversity of citizenship and a sufficient amount in controversy. Therefore, the Court has subject-matter jurisdiction.

### B. **Personal jurisdiction**

In a past order, the Court explained that it has personal jurisdiction over the parties. (Doc. 10). "Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). The Defendants are Alabama citizens, and they were served in Alabama in compliance with the federal rules and Alabama law. Accordingly, the Defendants are subject to this Court's personal jurisdiction.

### IV.    **Analysis**

Brixmor moved for entry of default explaining that the Defendants were served but have failed to plead or otherwise defend the action. (Doc. 6 at 1). The Clerk of Court entered default against the Defendants on November 19, 2024. (Doc. 7). On December 6, 2024, Brixmor moved for default judgment against the Defendants. (Doc. 8). Brixmor provided an affidavit of David Mickelberg (Director of Collections for Brixmor Property Group, Inc.) swearing that Defendants

---

Group, Inc.). (Doc. 11 at 2). Thus, the citizenship of Brixmor's general partner and limited partner is Delaware and Maryland.

John and Kimberly Klyce are neither minors nor incompetent. (Id. at 4). Therefore, it is appropriate to proceed with a Rule 55(b) default-judgment analysis.

The standard for determining whether there is a "sufficient basis" for default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain, 789 F.3d at 1245. Under this standard, the court looks to see whether the complaint contains sufficient facts, "accepted as true, to state a claim for relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A default judgment is warranted "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Importantly, a defaulted defendant is deemed only to admit the plaintiff's well-pleaded allegations of fact—not unsupported facts or conclusions of law. Id.

Here, Brixmor's complaint alleges breach of contract under Alabama law for the Defendants' failure "to timely remit payment as required pursuant to the Lease." (Doc. 1 at 4). The complaint requests damages as "a direct and proximate result of the breach" not less than $108,132.81 "plus costs, reasonable attorneys' fees and costs pursuant to contract, and post-judgment interest." (Id. at 5).

The motion for default judgment simply requests the entry of a default judgment. (Doc. 8). The motion is not supported by a brief, which here is "necessary to set forth the legal and factual basis for the relief sought." S.D. Ala. CivLR 7(b). Brixmor's failure to support with facts and law the basis for the relief sought is a sufficient cause to deny the motion. See id. Thus, Brixmor's motion for default judgment is **denied**. Because the Court has noticed other deficiencies in the motion for default judgment and the record, Brixmor is advised of the following:

### A. **Breach of Contract**

"Alabama law firmly embraces the concept of freedom of contract" such that "[c]ontracts between competent parties, voluntarily and fairly made, are valid and enforceable." Berkel and Co. Contractors, Inc. v. Providence Hosp., 454 So. 2d 496, 505 (Ala. 1984). The elements for a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendants' nonperformance; and (4) resulting damages. Reynolds Metals Co. v. Hill, 825 So. 2d 100, 105 (Ala. 2002). "The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement." Armstrong Bus. Servs., Inc. v. AmSouth Bank, 817 So. 2d 665, 673 (Ala. 2001); see also Shirley v. Lin, 548 So. 2d 1329, 1332 (Ala. 1989) ("The essential elements of a contract are as follows: an agreement, consideration, two or more contracting parties, a legal object, and capacity.").

Brixmor's complaint plausibly states a breach-of-contract claim against Defendants under Alabama law. Brixmor alleges that it contracted with Klyce Enterprises to lease a property and that John and Kimberly Klyce executed a Guaranty jointly and severally guaranteeing the full performance of Klyce Enterprises pursuant to the Lease. (Doc. 1 at 2). Brixmor filed the Lease and the Guaranty along with the complaint. (Docs. 1-1, 1-2).

Under the Lease, a default can occur when several events happen, including when the Tenant fails to make payment of rent or any other monetary amount due under the Lease within ten (10) days after Landlord has sent to Tenant written notice of such default. (Doc. 1-1 at 32). Brixmor alleges that Defendants defaulted under the Lease by failing to pay a number of requirements under the Lease including annual minimum rent, insurance, fees, and interest. (Doc. 1 at 3–4). Moreover, Brixmor alleges that John and Kimberly Klyce are jointly and severally liable

for performance of the Lease under the terms of the Guaranty. (Doc. 1 at 3). Thus, Brixmor's complaint shows a plausible claim for breach of contract. But Brixmor has not provided evidence that it sent written notice regarding the default to Defendants, which the Lease seemingly requires.

### B. Attorneys' Fees and Costs

"[A]ttorney fees may be recovered if they are provided for by statute or by contract." Jones v. Regions Bank, 25 So. 3d 427, 441 (Ala. 2009). "Although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited." 10 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2666 (4th ed. 2024). Expenses, sometimes referred to as costs, "include all the expenditures actually made by a litigant in connection with the lawsuit." Id.

Brixmor's complaint plausibly alleges that it is entitled to recovery of attorneys' fees and costs. The Lease provides that "following a judgment in favor of Landlord, Tenant shall pay to Landlord all costs of enforcing the terms of this ARTICLE XIX, including, without limitation, reasonable attorneys' fees and costs." (Doc. 1-1 at 34). Moreover, the Guaranty provides that John and Kimberly "unconditionally jointly and severally guarantee the full performance and observance of all the covenants, conditions and agreements therein provided to be performed and observed by Tenant . . . ." (Doc. 1-2 at 1). Therefore, Brixmor plausibly alleges entitlement to attorneys' fees and costs. Brixmor's complaint and motion for default judgment, however, fail to provide a requested amount for attorneys' fees and costs.

### C. Damage Awards

"A court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). Often, this requires an evidentiary hearing before a court grants a default judgment. See S.E.C. v. Smyth, 420

F.3d 1225, 1231 (11th Cir. 2005). But an evidentiary hearing is not a per se requirement. Id. at 1232 n.13. No hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." Id. Thus, "the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it." Gensler, supra, Rule 55 (citing S.E.C. v. Smyth, 420 F.3d at 1232 n.13).

Here, Brixmor provided evidence concerning the amount of damages allegedly owed by Defendants. This includes the Lease, the Guaranty, and an affidavit from Brixmor Property Group, Inc.'s Director of Collections. (Docs. 1-1, 1-2, 8-1). But Brixmor provided no evidence showing that it sent Defendants written notice of their failure to make payments. Under the Lease, written notice is required before an event of default occurs for the failure to make necessary payments. (Doc. 1-1 at 32). The Court would not award damages for an alleged default without Brixmor providing evidence of written notice or explaining why written notice was not required.

Brixmor also failed to include evidence on attorneys' fees and costs. Here, the attorneys' fees requested result from an alleged breach of contract, and the consequences of a judgment in favor of Brixmor requires Defendants to pay Brixmor's attorneys' fees and costs. (Doc. 1-1 at 34). Therefore, a separate motion for attorneys' fees is not necessary.[4] But Brixmor has not provided the Court with a requested amount or evidence of reasonableness.

"Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation." Willow Lake Residential Ass'n, Inc. v. Juliano, 80 So. 3d 226, 241

---

[4] "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

(Ala. Civ. App. 2010). Therefore, "[t]he determination of whether an attorney fee is reasonable is within the sound discretion of the trial court." Ex parte Edwards, 601 So. 2d 82, 85 (Ala. 1992). To determine the reasonableness of attorneys' fees requests, courts apply the "lodestar" method to obtain an objective estimate of the value of the attorney's services. Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate. Dillard v. City of Greensboro, 213 F.3d 1347, 1354 (11th Cir. 2000). A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id.

Here, the relevant legal community is Mobile, Alabama. See American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (explaining that the relevant legal community is generally the place where the case is filed). The party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." Id.

### V.    Conclusion

Brixmor's motion for default judgment is not supported with law and facts. Therefore, the motion is **denied**. Brixmor is advised that a motion for default should include a brief. Brixmor

should also provide evidence on Defendants' written notice and evidence on attorneys' fees and costs.

       **DONE** and **ORDERED** this the **30th** day of **January 2025**.

                       /s/ Kristi K. DuBose
                       **KRISTI K. DuBOSE**
                       **UNITED STATES DISTRICT JUDGE**