IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRIXMOR GA SPRINGDALE/MOBILE LIMITED PARTNERSHIP,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 24-00309-KD-M ) |
| **KLYCE ENTERPRISES, INC.; JOHN DOUGLAS KLYCE; and KIMBERLY KLYCE,** | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

This action is before the Court on the Renewed Motion for Default Judgment, (Doc. 14), filed by Plaintiff Brixmor GA Springdale/Mobile Limited Partnership ("Brixmor") against Klyce Enterprises, Inc., John Douglas Klyce, and Kimberly Klyce (collectively "Defendants"). Upon consideration, and for the reasons below, the motion is **GRANTED**.

### I.     Background

On or about February 23, 2022, Klyce Enterprises executed an Amended and Restated Lease ("Lease") by and between Brixmor and Klyce Enterprises. (Doc. 1-1). The Lease required Klyce Enterprises to pay minimum monthly rent in the amount of $14,799.17 to Brixmor during the first five lease years. (Id. at 5). In addition, the Lease required Klyce Enterprises to pay other maintenance and general expenses associated with the property located at or near 3250 Airport Boulevard, Mobile, Alabama 36606 (the "Premises"). (Id.). John and Kimberly Klyce executed a Guaranty—jointly and severally guaranteeing the full performance of Klyce Enterprises pursuant to the Lease. (Doc. 1-2).

On August 27, 2024, Brixmor filed a complaint for breach of contract by Defendants and attorney's fees and costs. (Doc. 1). Brixmor's complaint alleged that, in February 2024, Defendants defaulted pursuant to the terms of the Lease. (Doc. 1 at 4). Under the Lease, a default can occur when several events happen, including when the Tenant fails to make payment of rent or any other monetary amount due under the Lease within ten (10) days after Landlord has sent to Tenant written notice of such default. (Doc. 1-1 at 32). Brixmor filed summonses returned executed for each Defendant. (Docs. 3–5). Brixmor moved for the Clerk's entry of default, and the Clerk's entry of default was entered against Defendants. (Docs. 6, 7).

Brixmor later filed a motion for default judgment against Defendants. (Doc. 8). The motion was not accompanied by a brief and did not ask for specific relief apart from an entry of a judgment by default. Attached to the motion was an affidavit of David Mickelberg[1] which explained that as of November 25, 2025,[2] Defendants owed $159,813.54 under the Lease. (Doc. 8-1 at 3–4).

On January 15, 2025, the Court ordered Brixmor to file an amended complaint which properly alleges the citizenship of the parties. (Doc. 10). On January 17, 2025, Brixmor complied with that order. (Doc. 11). On January 30, 2025, the Court denied Brixmor's motion for a default judgment because it was not properly supported with facts and law. (Doc. 13). The Court explained that a legitimate basis was needed to award damages for breach of contract and attorney's fees and costs. (Id.). Specifically, Brixmor's motion for default judgment did not demonstrate that Defendants received written notice of their default, and Brixmor's motion did not request an amount for attorney's fees and costs. (Id.).

---

[1] David Mickelberg is the Director of Collections for Brixmor Property Group., Inc. which wholly owns Brixmor GA Springdale Member, LLC, which is the general partner of Brixmor GA Springdale/Mobile Limited Partnership. (Doc. 8-1 at 1).

[2] Based on the affidavit's chart and common sense, the Court presumes that Mickelberg meant November 25, 2024. (Doc. 8-1).

On March 14, 2025, Brixmor filed a renewed motion for default judgment against Defendants. (Doc. 14). Brixmor supported its motion with a brief, (Doc. 15), and the affidavits of David Mickelberg and C. Gavin Shepherd. (Docs. 14-1–2). Mickelberg's renewed affidavit explained that $209,839.01 is the amount due and owing by Defendants under the Lease as of February 12, 2025. (Doc. 14-1 at 4). Shepherd's affidavit requested $4,829.50 in attorney's fees and costs. (Doc. 14-2). Brixmor attached to Shepherd's affidavit the written notice sent to Doug Klyce regarding Defendant's default. (Doc. 14-2 at 2–5). Shepherd attested that the Non-Payment of Rent Default Notice dated June 10, 2024 was sent to Doug Klyce via email at dougklyce@aol.com and via Federal Express. (Doc. 14-2 at 2–5).

## II.   Law

"There are two steps in the default process: (1) getting the clerk to make an entry of default; and then (2) obtaining judgment on the default." 2 Steven S. Gensler, Fed. R. Civ. P., Rules and Commentary Rule 55 (2024). The core of default under Rule 55 is the failure to timely file a required responsive pleading. Id. However, the Eleventh Circuit has a "strong policy of determining cases on their merits." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015). Thus, "default judgments are generally disfavored." Id. at 1245. Still, the default mechanism is necessary "so that 'the adversary process [will not be] halted because of an essentially unresponsive party.'" Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (alteration in original) (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam)). Therefore, a default judgment is "warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Surtain, 789 F.3d at 1245 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)). And to ensure the validity of a default judgment, the court must determine its jurisdiction both over the

subject matter and the parties. See Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009).

### III. Jurisdiction and Entry of Default

In a previous order, the Court explained that Brixmor met its burden of establishing diversity jurisdiction. (Doc. 13 at 4). In another previous order, the Court explained that it has personal jurisdiction over the parties. (Doc. 10). Thus, this Court has jurisdiction.

Brixmor previously moved for entry of default explaining that the Defendants were served but have failed to plead or otherwise defend the action. (Doc. 6 at 1). The Clerk of Court entered default against the Defendants on November 19, 2024. (Doc. 7). Therefore, it is appropriate to proceed with a Rule 55(b) default-judgment analysis.

### IV. Analysis

The standard for determining whether there is a "sufficient basis" for default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain, 789 F.3d at 1245. Under this standard, the court looks to see whether the complaint contains sufficient facts, "accepted as true, to state a claim for relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A default judgment is warranted "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Importantly, a defaulted defendant is deemed only to admit the plaintiff's well-pleaded allegations of fact—not unsupported facts or conclusions of law. Id.

Here, Brixmor's complaint alleges breach of contract under Alabama law for the Defendants' failure "to timely remit payment as required pursuant to the Lease." (Doc. 1 at 4). The complaint requests damages as "a direct and proximate result of the breach" not less than $108,132.81 "plus costs, reasonable attorneys' fees and costs pursuant to contract, and post-

judgment interest." (Id. at 5). Therefore, the Court must determine whether there is sufficient basis for a default judgment for breach of contract and attorney's fees and costs.

### A. Breach of Contract

"Alabama law firmly embraces the concept of freedom of contract" such that "[c]ontracts between competent parties, voluntarily and fairly made, are valid and enforceable." Berkel and Co. Contractors, Inc. v. Providence Hosp., 454 So. 2d 496, 505 (Ala. 1984). The elements for a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendants' nonperformance; and (4) resulting damages. Reynolds Metals Co. v. Hill, 825 So. 2d 100, 105 (Ala. 2002). "The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement." Armstrong Bus. Servs., Inc. v. AmSouth Bank, 817 So. 2d 665, 673 (Ala. 2001).

Brixmor's complaint plausibly states a breach-of-contract claim against Defendants under Alabama law. Brixmor alleges that it contracted with Klyce Enterprises to lease a property and that John and Kimberly Klyce executed a Guaranty jointly and severally guaranteeing the full performance of Klyce Enterprises pursuant to the Lease. (Doc. 1 at 2). Brixmor filed the Lease and the Guaranty along with the complaint. (Docs. 1-1, 1-2). Under the Lease, a default can occur when several events happen, including when the Tenant fails to make payment of rent or any other monetary amount due under the Lease within ten (10) days after Landlord has sent to Tenant written notice of such default. (Doc. 1-1 at 32). Brixmor alleges that Defendants defaulted under the Lease by failing to pay a number of requirements under the Lease including annual minimum rent, insurance, fees, and interest. (Doc. 1 at 3–4). Moreover, Brixmor alleges that John and Kimberly Klyce are jointly and severally liable for performance of the Lease under the terms of the Guaranty. (Doc. 1 at 3).

In the Renewed Motion for Default Judgment, Brixmor supplies evidence that on June 10, 2024, Brixmor sent written notice regarding the default to Doug Klyce. (Doc. 14-2 at 2–5). According to Mickelberg's affidavit, "Defendants have not made any payment to Brixmor since April 2024." (Doc. 14-1 at 2). Thus, Brixmor demonstrated that Defendants defaulted under the Lease. (Doc. 1-1 at 32). And Brixmor plausibly alleges a breach-of-contract claim against Defendants.

### B. Attorney's Fees and Costs

"[A]ttorney fees may be recovered if they are provided for by statute or by contract." Jones v. Regions Bank, 25 So. 3d 427, 441 (Ala. 2009). Brixmor's complaint plausibly alleges that it is entitled to recovery of attorneys' fees and costs. The Lease provides that "following a judgment in favor of Landlord, Tenant shall pay to Landlord all costs of enforcing the terms of this ARTICLE XIX, including, without limitation, reasonable attorneys' fees and costs." (Doc. 1-1 at 34). Moreover, the Guaranty provides that John and Kimberly "unconditionally jointly and severally guarantee the full performance and observance of all the covenants, conditions and agreements therein provided to be performed and observed by Tenant . . . ." (Doc. 1-2 at 1). Therefore, Brixmor plausibly alleges entitlement to attorneys' fees and costs.

### C. Damage Awards

"A court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). Often, this requires an evidentiary hearing before a court grants a default judgment. See S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). But an evidentiary hearing is not a per se requirement. Id. at 1232 n.13. No hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to

a fully informed determination of damages." Id. Thus, "the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it." Gensler, supra, Rule 55 (citing S.E.C. v. Smyth, 420 F.3d at 1232 n.13).

In the Renewed Motion for Default Judgment, Brixmor requests damages for breach of contract in the amount of $209,839.01. (Doc. 14-1 at 4). Brixmor also requests attorney's fees, court costs, and expenses incurred with this action totaling $4,829.50. (Doc. 14-2 at 2). The Court must determine whether there is a legitimate basis for these damage awards.

1. Brixmor provides a legitimate basis for the requested damage award for breach of contract.

Defendants executed a Guaranty jointly and severally guaranteeing the full performance of Klyce Enterprises pursuant to the Lease. (Doc. 1 at 2). Brixmor provides evidence that Defendants failed to make payments after receiving written notice of default under the Lease. (Doc. 14-2 at 2–5). Therefore, Brixmor provides a legitimate basis for damages for breach of contract.

Brixmor's evidence in support of its motion includes the Lease, the Guaranty, the brief, and an affidavit from Brixmor Property Group, Inc.'s Director of Collections. (Docs. 1-1, 1-2, 14-1, 15). According to Mickelberg's affidavit, "Defendants have not made any payment to Brixmor since April 2024." (Doc. 14-1 at 2). Mickelberg explains that $209,839.01 is the amount due and owing by Defendants under the Lease as of February 12, 2025. (Id. at 4). The damages include "rent amounts, insurance charges, late fees, and common area maintenance shares per Sections 1.1(k), 4.1, 8.2, 8.3, and 20.23 of the Lease." (Doc. 15 at 4 n.2). Thus, Brixmor provides a legitimate basis for a damage award of $209,839.01 for breach of contract.

2. <u>Brixmor provides a legitimate basis for the requested attorney's fees and costs.</u>

The attorney's fees requested result from an alleged breach of contract, and the consequences of a judgment in favor of Brixmor requires Defendants to pay Brixmor's attorneys' fees and costs. (Doc. 1-1 at 34). Thus, a separate motion for attorney's fees is not necessary.[3] But attorney's fees must be reasonable. "Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation." <u>Willow Lake Residential Ass'n, Inc. v. Juliano</u>, 80 So. 3d 226, 241 (Ala. Civ. App. 2010). Therefore, "[t]he determination of whether an attorney fee is reasonable is within the sound discretion of the trial court." <u>Ex parte Edwards</u>, 601 So. 2d 82, 85 (Ala. 1992).

Brixmor's attorney attests that the "attorney's fees, court costs, and expenses incurred by Brixmor in connection with the present action through March 14, 2025 total $4,829.50." (Doc. 14-2 at 2). "The services performed include drafting and filing the Complaint, amending the Complaint, service of process, drafting of Motions for Default, drafting a Brief in Support of Default Judgment and general prosecution of this action." (<u>Id.</u>). Shepherd provides that the hourly rate for work performed on this action was $245. (<u>Id.</u>). The fees requested divided by the hourly rate show that Brixmor's attorneys worked for 19.71 hours. Based on the Court's discretion, the requested attorney's fees and costs of $4,829.50 is reasonable.

V.   **Conclusion**

Brixmor's Renewed Motion for Default Judgment provides the facts and law necessary to support a motion for default judgment. Brixmor's complaint plausibly alleges a claim for breach of contract, and Brixmor provides a legitimate basis for a damage award of $209,839.01 for breach

---

[3] "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

8

of contract. Brixmor's complaint plausibly alleges a claim for attorney's fees and costs, and Brixmor provides a legitimate basis for the reasonableness of its requested fees of $4,829.50. Therefore, Brixmor's Renewed Motion for Default Judgment, (Doc. 14), is **GRANTED**.

Accordingly, Default Judgment shall be entered against Defendants, jointly and severally, in the total amount of **$214,668.51**.

The Clerk is ordered to send a copy of this order to Defendants' addresses as provided by Brixmor. Judgment will be entered by separate document as required by Federal Rule of Civil Procedure 58(a).

**DONE** and **ORDERED** this the **17th** day of **March 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**